NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Litigation Counsel, National Security Division
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
Tax Division
MELANIE SARTORIS (Cal. Bar No. 217560)
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorneys
Terrorism and Export Crimes Section
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:     (213) 894-7280/5615/7407/0759
     Facsimile:     (213) 894-2927
     E-mail:    judith.heinz@usdoj.gov
                james.hughes2@usdoj.gov
                melanie.sartoris@usdoj.gov
                william.rollins@usdoj.gov
                khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>              v.<br><br>YI-CHI SHIH,<br>  aka "Yichi Shih,"<br>  aka "Yuqi Shi," et al,<br><br>         Defendants. | No. CR 18-50(B)-JAK<br><br>GOVERNMENT'S PROPOSED STATEMENT OF THE CASE |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Judith A. Heinz, James C. Hughes, Melanie Sartoris, William M. Rollins, and Khaldoun Shobaki, hereby submits the Government's Proposed Statement of the Case.

Dated: April 11, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

        /s/
JUDITH A. HEINZ
JAMES C. HUGHES
MELANIE SARTORIS
WILLIAM M. ROLLINS
KHALDOUN SHOBAKI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**GOVERNMENT'S PROPOSED STATEMENT OF THE CASE**

This is a criminal case, in which the defendant is charged in a Second Superseding Indictment with eighteen Counts.

Pursuant to the International Emergency Economic Powers Act, Congress has granted the President the authority to declare a national emergency to address unusual and extraordinary threats to the national security, foreign policy, and economy of the United States. Under that authority, the Department of Commerce's Bureau of Industry and Security has promulgated the Export Administration Regulations, which contain restrictions on the export of certain items from the United States to foreign countries. These restrictions have been placed on the export of items that the Bureau of Industry and Security has determined could make a significant contribution to the military potential or nuclear proliferation of other nations or that could be detrimental to the foreign policy or national security of the United States.

Through the Export Administration Regulations, the Department of Commerce has imposed license or other requirements before certain items can be lawfully exported from the United States. Also, the Export Administration Regulations contain a list of names of certain foreign persons -- including businesses, research institutions, government and private organizations, individuals, and other types of legal persons -- that are subject to specific license requirements for the export of specified items. These persons comprise the Department of Commerce's "Entity List." Grounds for inclusion on the Entity List include activities sanctioned by the United States State Department and activities contrary to U.S. national security and/or foreign policy interests. The persons on the Entity List are subject

to export licensing requirements and policies supplemental to those found elsewhere in the Export Administration Regulations.  In addition, the Department of Commerce requires the filing of electronic export information through the Automated Export System.

United States citizens, resident aliens, and legal permanent residents of the United States are required to file an individual income tax return with the Internal Revenue Service reporting their worldwide income for each year if their gross income exceeds a certain amount.  In addition, United States citizens, resident aliens, and legal permanent residents of the United States who have a financial interest in, or signature or other authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a particular calendar year are required to file with the Department of the Treasury a Report of Foreign Bank and Financial Accounts (an "FBAR") disclosing information regarding each of these accounts.

Some organizations that may be referenced in this case are:

Chengdu Gastone Technology Co., Ltd., aka Chengdu Jiashi Technology Company, Ltd., a Chinese entity in Chengdu, China.

Qing'an International Trading Co., Ltd., aka Qing'an International Trading Group, a Chinese entity.

Chengdu RML Technology Company, Ltd., a Chinese entity in Chengdu, China.

China Electronics Technology Group Corporation 29 Research Institute, aka China Southwest Electronic Equipment Research Institute, aka 29 Institute, aka Chengdu SIWEI Electronics Company, aka CETC 29, a Chinese entity in Chengdu, China.

Chengdu Ganide Technology Company, Ltd., aka Chengdu Jiana

to export licensing requirements and policies supplemental to those found elsewhere in the Export Administration Regulations.  In addition, the Department of Commerce requires the filing of electronic export information through the Automated Export System.

United States citizens, resident aliens, and legal permanent residents of the United States are required to file an individual income tax return with the Internal Revenue Service reporting their worldwide income for each year if their gross income exceeds a certain amount.  In addition, United States citizens, resident aliens, and legal permanent residents of the United States who have a financial interest in, or signature or other authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a particular calendar year are required to file with the Department of the Treasury a Report of Foreign Bank and Financial Accounts (an "FBAR") disclosing information regarding each of these accounts.

Some organizations that may be referenced in this case are:

Chengdu Gastone Technology Co., Ltd., aka Chengdu Jiashi Technology Company, Ltd., a Chinese entity in Chengdu, China.

Qing'an International Trading Co., Ltd., aka Qing'an International Trading Group, a Chinese entity.

Chengdu RML Technology Company, Ltd., a Chinese entity in Chengdu, China.

China Electronics Technology Group Corporation 29 Research Institute, aka China Southwest Electronic Equipment Research Institute, aka 29 Institute, aka Chengdu SIWEI Electronics Company, aka CETC 29, a Chinese entity in Chengdu, China.

Chengdu Ganide Technology Company, Ltd., aka Chengdu Jiana

1  Haiwei S&T Technology Co., Ltd., a Chinese entity in Chengdu, China.
2     Pullman Lane Productions, LLC, a California limited liability
3  company.
4     JYS Technologies, Inc., a Canadian corporation, located in
5  Brossard, Quebec, Canada.
6     Microex Engineering, dba of L2Kontemporary, Inc., a California
7  corporation.
8     Mystical Optimism, Inc., a corporation based in the British
9  Virgin Islands.
10    Cree, Inc., a U.S. company in North Carolina.
11    The University of California at Los Angeles, located in Los
12 Angeles, California.
13    Standard Chartered Bank (Hong Kong) Limited, a bank incorporated
14 in Hong Kong and licensed with the Hong Kong Monetary Authority.
15    Coutts & Co., Ltd., a private wealth management bank, based in
16 the United Kingdom, with branch offices in multiple locations,
17 including Hong Kong.
18    The Second Superseding Indictment in this case charges defendant
19 Yi-Chi Shih, aka "Yichi Shih," aka "Yuqi Shi," ("defendant SHIH")
20 with the following crimes:
21    First, it charges defendant with conspiracy to violate the
22 International Emergency Economic Powers Act (also referred to as
23 "IEEPA") as follows.
24    Beginning on a date unknown, but no later than in or about
25 January 2006, and continuing to a date unknown, but no earlier than
26 on or about January 2016, in Los Angeles County, and elsewhere,
27 defendant SHIH knowingly and willfully conspired and agreed with
28 coconspirators and co-defendants Ishiang Shih, aka "I-Shiang Shih"

("defendant ISHIANG"), Kiet Mai ("defendant MAI"), Jieru Deng, aka "Deng Jieru," aka "Angel Deng" ("defendant DENG"), Yaping Chen, aka "Chen Yaping" ("defendant CHEN"), FEI YE, aka "Yeh Fei," aka "Michael Ye," aka "Michael Jackson," aka "Michael Anderson," aka "Michael Dickinson" ("defendant YE"), and YE YUAN, aka "Yuan Ye" ("defendant YUAN"), and others known and unknown, to export items from the United States to the People's Republic of China and to Chengdu Gastone Technology Co., Ltd., aka Chengdu Jiashi Technology Company, Ltd. ("CGTC"), without having first obtained the required licenses from the United States Department of Commerce and without filing Electronic Export Information through the Automated Export System.

Second, in addition to the conspiracy, defendant is charged with violating the International Emergency Economic Powers Act ("IEEPA") as follows.

From on or about December 30, 2013, to January 2, 2014, in Los Angeles County, and elsewhere, defendant SHIH knowingly and willfully caused to be exported from the United States to the People's Republic of China, items under the jurisdiction of the United States Department of Commerce, namely, Monolithic Microwave Integrated Circuit ("MMIC") Amplifiers, without first having obtained the required license from the United States Department of Commerce.

During the above-specified time period, the MMIC Amplifiers were controlled for national security reasons, and a license from the Department of Commerce was required under the Export Administration Regulations for the export or reexport of these items to the People's Republic of China.

In Counts Three through Eight of the Second Superseding Indictment, defendant is charged with mail fraud and wire fraud as

follows.

Beginning on an unknown date but no later than February 15, 2013, and continuing through on or about an unknown date but no earlier than October 30, 2015, in Los Angeles County and elsewhere, defendant SHIH and defendant MAI, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud [U.S. Company B],[1] a U.S. company, as to material matters, and to obtain money and property from [U.S. Company B] by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.  Defendants SHIH and MAI, together with others known and unknown, for the purpose of executing and attempting to execute the scheme to defraud, caused to be deposited certain items to be sent and delivered by a commercial interstate carrier, and caused to be transmitted by means of wire communication in interstate commerce certain monetary transfers.

In Count Nine, defendant is charged with conspiracy to gain unauthorized access to a protected computer to obtain information as follows.

Beginning on an unknown date but no later than February 15, 2013, and continuing through on or about an unknown date but no earlier than October 19, 2015, in Los Angeles County, and elsewhere, defendants SHIH and MAI, together with others known and unknown, knowingly combined, conspired, and agreed to intentionally access without authorization a protected computer, and thereby obtain

---

[1] The government uses "U.S. Company B" for purposes of this filing, but would request the Court to use the name of the actual company at trial.

5

information (1) for purposes of commercial advantage and private financial gain, (2) in furtherance of a criminal act in violation of United States laws, namely, violations of the International Emergency Economic Powers Act, mail fraud, and wire fraud, and (3) the value of which information exceeded $5,000.

In Count Ten, defendant is charged with international promotional money laundering as follows.

On or about December 12, 2014, in Los Angeles County, and elsewhere, defendant SHIH knowingly aided, abetted, counseled, commanded, induced, and procured another person to transport, transmit, and transfer a monetary instrument and funds, that is, USD $120,000, to a place in the United States, within the Central District of California, specifically, a MICROEX bank account, from or through a place outside the United States, specifically, a JYS TECH bank account in Canada, with the intent to promote the carrying on of specified unlawful activity, specifically, violations of Title 18, United States Code, Sections 1030 (fraud and related activity in connection with computers), 1341 (mail fraud), and 1343 (wire fraud), and Title 50, United States Code, Section 1705 (violations of the International Emergency Economic Powers Act).

In Count 11, defendant is charged with making false statements to a government agency as follows.

On or about January 19, 2018, in Los Angeles County, in a matter within the jurisdiction of the executive branch of the government of the United States, specifically, the Federal Bureau of Investigation ("FBI"), defendant SHIH knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, in that defendant SHIH told an FBI Special Agent the following:

- No [U.S. Company B] wafers (aka MMIC Amplifiers) went to China;
- No [U.S. Company B] wafers (aka MMIC Amplifiers) went to Hong Kong;
- Defendant SHIH was not working on Gallium Nitride (GaN) in China.

Whereas, in truth and in fact, as defendant SHIH then knew:

- The [U.S. Company B] wafers (aka MMIC Amplifiers) did go to China;
- The [U.S. Company B] wafers (aka MMIC Amplifiers) did go to Hong Kong;
- Defendant SHIH was working on GaN in China.

In Counts Twelve, Thirteen, and Fourteen, defendant is further charged with subscribing to a false tax return as follows.

On or about January 3, 2013, in Los Angeles County, and elsewhere, defendant SHIH willfully made and subscribed a joint U.S. Individual Income Tax Return, for the calendar year 2011, which was verified by a written declaration that it was made under penalties of perjury, and which he did not believe to be true and correct as to every material matter. That income tax return was filed with the Internal Revenue Service and reported on Line 22, total income of $232,282, whereas, as he then and there knew, he received substantially more total income during the 2011 calendar year. To wit, as he then and there knew, the total income amount reported on his joint U.S. Individual Income Tax Return for the calendar year 2011 failed to include compensation paid to him during the 2011 calendar year.

On or about June 24, 2013, in Los Angeles County, and elsewhere,

7

1  defendant SHIH also willfully made and subscribed a joint U.S.
2  Individual Income Tax Return, for the calendar year 2012, which was
3  verified by a written declaration that it was made under penalties of
4  perjury and which he did not believe to be true and correct as to
5  every material matter.  That income tax return was filed with the
6  Internal Revenue Service, and reported on Line 22, total income of
7  $287,863, whereas, as defendant knew, he received substantially more
8  total income during the 2012 calendar year.  To wit, as he then and
9  there knew, the total income amount reported on his joint U.S.
10 Individual Income Tax Return for the calendar year 2012 failed to
11 include compensation paid to him during the 2012 calendar year, and
12 dividends earned during the 2012 calendar year on investments held by
13 him in one or more financial accounts at Standard Chartered Bank
14 (Hong Kong) Limited, in Hong Kong.
15      On or about June 14, 2014, in Los Angeles County,  and
16 elsewhere, defendant SHIH willfully made and subscribed a joint U.S.
17 Individual Income Tax Return, for the calendar year 2013, which was
18 verified by a written declaration that it was made under penalties of
19 perjury and which he did not believe to be true and correct as to
20 every material matter.  That income tax return was filed with the
21 Internal Revenue Service and reported on Line 9a, ordinary dividends
22 of $42,256, whereas, as he then and there knew, the amount of
23 ordinary dividends he earned during the 2013 calendar year was
24 substantially greater than the amount reported.  To wit, as he then
25 and there knew, the amount of ordinary dividends reported on his
26 joint U.S. Individual Income Tax Return for the calendar year 2013
27 did not include dividends earned during the 2013 calendar year on
28 investments held by him in one or more financial accounts at Standard

Chartered Bank (Hong Kong) Limited, in Hong Kong.

In Counts Fifteen, Sixteen, Seventeen, and Eighteen, defendant is charged with making material omissions to a government agency as follows.

On or about May 6, 2014, in Los Angeles County, defendant SHIH willfully and knowingly concealed and covered up by trick, scheme and device a material fact which he had a duty to report, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely the Department of the Treasury. Specifically, defendant SHIH submitted and caused to be submitted to the Department of the Treasury an FBAR, that concealed and covered up the fact that, during calendar year 2013, he had a financial interest in, and signature authority over, bank, securities, and other financial accounts at Standard Chartered Bank (Hong Kong) Limited, in Hong Kong, with an aggregate value in excess of $10,000, and that, during calendar year 2013, he had a financial interest in, and signature authority over, a bank, securities, and other financial accounts at the Hong Kong Branch of Coutts & Co., Ltd., in Hong Kong, with an aggregate value in excess of $10,000.

On or about June 18, 2015, in Los Angeles County, within the Central District of California, defendant SHIH also willfully and knowingly concealed and covered up by trick, scheme and device a material fact which he had a duty to report, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely the Department of the Treasury. Namely, defendant SHIH submitted and caused to be submitted to the Department of the Treasury an FBAR that concealed and covered up the fact that, during calendar year 2014, he had a financial interest in, and signature

1  authority over, bank, securities, and other financial accounts at
2  Standard Chartered Bank (Hong Kong) Limited, in Hong Kong, with an
3  aggregate value in excess of $10,000, and that, during calendar year
4  2014, he had a financial interest in, and signature authority over, a
5  bank, securities, and other financial accounts at the Hong Kong
6  Branch of Coutts & Co., Ltd., in Hong Kong, with an aggregate value
7  in excess of $10,000.
8      On or about April 9, 2016, in Los Angeles County, defendant SHIH
9  willfully and knowingly concealed and covered up by trick, scheme and
10 device a material fact which he had a duty to report, in a matter
11 within the jurisdiction of the executive branch of the Government of
12 the United States, namely the Department of the Treasury.  Namely,
13 defendant SHIH submitted and caused to be submitted to the Department
14 of the Treasury an FBAR that concealed and covered up the fact that,
15 during calendar year 2015, he had a financial interest in, and
16 signature authority over, bank, securities, and other financial
17 accounts at Standard Chartered Bank (Hong Kong) Limited, in Hong
18 Kong, with an aggregate value in excess of $10,000.
19     Finally, on or about April 12, 2017, in Los Angeles County,
20 within the Central District of California, defendant SHIH willfully
21 and knowingly concealed and covered up by trick, scheme and device a
22 material fact which he had a duty to report, in a matter within the
23 jurisdiction of the executive branch of the Government of the United
24 States, namely the Department of the Treasury.  Specifically,
25 defendant SHIH submitted and caused to be submitted to the Department
26 of the Treasury an FBAR that concealed and covered up the fact that,
27 during calendar year 2016, he had a financial interest in, and
28 signature authority over, bank, securities, and other financial

accounts at Standard Chartered Bank (Hong Kong) Limited, in Hong Kong, with an aggregate value in excess of $10,000.

Defendant SHIH disputes these allegations and has pleaded not guilty to all of the charges.