```
 1 | NICOLA T. HANNA
   | United States Attorney
 2 | PATRICK R. FITZGERALD
   | Assistant United States Attorney
 3 | Chief, National Security Division
   | JUDITH A. HEINZ (Cal. Bar No. 176264)
 4 | Assistant United States Attorney
   | Senior Litigation Counsel, National Security Division
 5 | JAMES C. HUGHES (Cal. Bar No. 263878)
   | Assistant United States Attorney
 6 | Tax Division
   | MELANIE SARTORIS (Cal. Bar No. 217560)
 7 | WILLIAM M. ROLLINS (Cal. Bar No. 287007)
   | Assistant United States Attorneys
 8 | Terrorism and Export Crimes Section
   | KHALDOUN SHOBAKI (Cal. Bar No. 232864)
 9 | Assistant United States Attorney
   | Cyber & Intellectual Property Crimes Section
10 |      1500 United States Courthouse
   |      312 North Spring Street
11 |      Los Angeles, California 90012
   |      Telephone:    (213) 894-7280/4961/5615/7407/0759
12 |      Facsimile:    (213) 894-2927
   |      E-mail:   judith.heinz@usdoj.gov
13 |                james.hughes2@usdoj.gov
   |                melanie.sartoris@usdoj.gov
14 |                william.rollins@usdoj.gov
   |                khaldoun.shobaki@usdoj.gov
15 |
   | Attorneys for Plaintiff
16 | UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-50(B)-JAK |
|---|---|
| Plaintiff, | JOINT STATUS REPORT REGARDING DEFENSE DISCOVERY |
| v. | Trial Date: May 7, 2019 |
| YI-CHI SHIH,<br>  aka "Yichi Shih,"<br>  aka "Yuqi Shi,"<br>ISHIANG SHIH,<br>  aka "I-Shiang Shih,"<br>KIET ANH MAI,<br>  et al.,<br><br>         Defendants. | |

**GOVERNMENT'S POSITION REGARDING DEFENSE DISCOVERY**

Three weeks before trial and only after the government filed a motion to compel reciprocal discovery, defendant YI-CHI SHIH ("defendant") finally produced more than 3,000 pages of documents to the government. The discovery – which defendant apparently intends to use during his 20-day case-in-chief – includes highly technical material, as well as a Mandarin language document in excess of 100 pages without an English-language translation. Moreover, in a "notice" filed with the Court on April 16, 2019 (exactly 21 days before trial), defendant now states that he will call "rebuttal experts on the topics identified in Exhibits A, B, and C [to defendant's filing]" if the Court were to "endorse" the government's expert notices by allowing its witnesses to testify. (Dkt. 402.)

The May 7 trial date should be continued. This Court should not permit defendant to circumvent Rule 16 – or to threaten the Court's gatekeeping function – by allowing him to wait until the eve of trial to produce thousands of pages of discovery or to belatedly inform the government that he intends to call unidentified expert witnesses about vaguely-defined and seemingly inappropriate "topics." As explained in prior filings, the government has been asking defendant to provide reciprocal discovery for more than a year, since February of 2018. When defendant finally produced reciprocal discovery to the government, he did so in a hard copy paper format (more than 3,000 pages standing about a foot-and-a-half in height), rendering it digitally unsearchable.[1] The voluminous discovery includes complex

---

[1] In contrast, the government has produced its discovery to defendant in electronic formats, including CDs and hard drives, and the bulk of the discovery has been provided as load files that can be digitally searched in discovery databases.

material that cannot be reviewed in the few weeks leading up to trial.  Defendant's discovery includes, for example, multiple patent applications, doctoral dissertations, and entries in various engineering journals, all of which will almost certainly require expert review.  A government translator will also need to review and translate the 100-plus page Mandarin language document (an apparent doctoral thesis by an electrical engineer) recently supplied by defendant.  Having elected to make this type of production and at this late of an hour, defendant must now "accept the risk arising from this behavior."  United States v. Aceves-Rosales, 832 F.2d 1155, 1157 (9th Cir. 1987); see also United States v. Marshall, 132 F.3d 63, 70 (D.C. Cir. 1998) ("Ordinarily, a continuance is the preferred sanction for a discovery delay" because it affords a party the time to "alleviate any prejudice it may have suffered from the late disclosure.").

Defendant's belated expert "notice" is equally unlawful and woefully inadequate.  Rule 16(b)(1)(C) requires defendant to disclose a written summary of the expert testimony defendant intends to offer, describing the experts' "opinions, the bases and reasons for those opinions, and [his] qualifications."  Fed. R. Crim. P. 16(b)(1)(C).  Yet defendant has not actually identified a single expert witness (let alone his or her qualifications), only the "topics" on which the unidentified witnesses will purportedly opine.  Instead of complying with Rule 16(b)(1)(C), defendant merely attached: (1) an article written by a law professor about prosecutions of Chinese "spies"; (2) an NBC news story about an ACLU lawsuit arising out of a different criminal case; and (3) a CNN article about some of President Donald Trump's public statements about China.  (Dkt. 402.)  Defendant's

3

expert "notice" does not come remotely close to complying with Rules 16 or 702, and the Court cannot exercise its proper role as a gatekeeper – thereby preventing improper testimony from reaching the jury - without adequate information from defendant about his expert witnesses. See United States v. Barrett, 703 F.2d 1076, 1081 (9th Cir. 1983) (trial delayed following belated expert disclosure); United States v. Hatchett, 987 F. Supp. 2d 529, 536–37 (E.D. Pa. 2013) (ends of justice served by continuance where "only one week before trial" defense counsel "informed the prosecutor that he planned on using an expert"). Indeed, under these circumstances, and as explained in more detail in the government's ex parte application (Dkt. 380), the Speedy Trial Act provides both mandatory and discretionary statutory bases for a continuance. See, e.g., 18 U.S.C. § 3161(h)(7) (discussing ends of justice exception and complex cases); id. § (h)(8) (period of delay for up to one year seeking foreign evidence "shall" be excluded); id. § (h)(1) (pretrial motion periods "shall" be excluded).

For all the reasons set forth above and in the government's ex parte application, the May 7 trial should be continued.[2] The alternative is to preclude defendant's documents and experts from the trial altogether. See United States v. Scholl, 166 F.3d 964, 972 (9th Cir. 1999) (affirming exclusion of evidence apparently withheld so that government would be unable to fully investigate); United

---

[2] The government has attempted to confer with defendant about a new trial date, and defendant has proposed "May 14" or "some other date" in May. In light of defendant's belated and inadequate disclosures (and for all the reasons explained in the government's ex parte application, including defendant's proposal for a written jury questionnaire), the government believes that a continuance until September 17, 2019 is required by law under Rule 16 and the Speedy Trial Act.

4

States v. Nash, 115 F.3d 1431, 1439-40 (9th Cir. 1997) (affirming district court's exclusion of testimony of expert due to defendant's failure to provide timely discovery regarding such expert).  On balance, however, the option of a reasonable continuance so that the government has adequate time to review the discovery and make any appropriate motions regarding the discovery and defendant's purported experts, and the Court is afforded the requisite time to exercise its gatekeeping function, seems preferable.

### DEFENDANT'S POSITION REGARDING DEFENSE DISCOVERY

The defense notice of expert witnesses was filed with the Court (Dkt. 402), and the defense production was relatively small and will be easy for the government to digest quickly.  The defense has complied with every discovery obligations and order from the Court since the start of this case, and has invested countless hours trying to resolve issues with the government informally through meet and confer efforts.  The government is now manufacturing complaints in an effort to obtain an undeserved trial continuance, and the Court should reject that effort.  The defense cannot financially afford another trial continuance; the data-hosting costs alone are straining defense budgets.  The government is not ready for trial, the defense is ready, and in fairness the Court should not allow the government to manufacture complaints to get a second trial continuance that it does not deserve.  This is a very simple trial involving licensing issues and related allegations, and a continuance would unfairly help the government while precluding a fair trial for the defense.  At the government's insistence, the defense is sending this position to the government without knowing in advance what the government's portion of the joint statement will say, and the defense will

5

supplement this position as necessary at the status conference on April 18, 2019.